**Benjamin GILHULY**

v.

**JOHNS–MANVILLE CORP., et al.**

**Civ. No. H–80–222.**

United States District Court,
D. Connecticut.

Dec. 29, 1983.

James F. Early, Evans, Evans, Sklarz, Feldman & Early, New Haven, Conn., for plaintiff.

William H. Prout, Jr., Wiggin & Dana, New Haven, Conn., for Eagle-Picher.

Richard P. Sperandeo, Harold C. Donegan, Sperandeo, Weinstein & Donegan, New Haven, Conn., for Forty-Eight Insulation.

Maurice T. FitzMaurice, Lawrence H. Lissitzyn, and Robert J. Hebron, Reid & Riege, Hartford, Conn., for Owens-Illinois.

Paul W. Orth, John T. Harris, Hoppin, Carey & Powell, Hartford, Conn., for GAF Corp.

Joseph Adinolfi, Jr., Donald W. O'Brien, James M. Tanski, Hartford, Conn., for Celotex Corp.

Peter C. Schwartz, Gordon, Muir & Foley, Hartford, Conn., for Johns-Manville Corp.

George W. Ripley, Manchester, Conn., for Gale Corp.

John R. FitzGerald, James M. Moher, Howard, Kohn, Sprague & FitzGerald, Hartford, Conn., for H.K. Porter & So. Asbestos.

James L. Ackerman, Ernest J. Mattei, Day, Berry & Howard, Hartford, Conn., for American Asbestos Textile.

Robert B. Cohen, Hyman, Asbel, Channin & Harding, Hartford, Conn., for Armstrong Cork Co.

Gregory Willis, Bridgeport, Conn., for J.P. Stevens, Inc.

Robert Cathcart, Shipman & Goodwin, Hartford, Conn., for Nicolet, Inc.

Carolyn Gould, New Haven, Conn., for Fibreboard Corp.

Patrick J. Flaherty, Cooney, Scully & Dowling, Hartford, Conn., for Owens-Corning.

Mark R. Carta, Whitman & Ransom, Stamford, Conn., for Garlock, Inc.

## RULING ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO DEPOSITION QUESTIONS

BLUMENFELD, Senior District Judge.

### I. Background

Plaintiff has brought suit against manufacturers and distributors of asbestos products, claiming to have suffered severe permanent injuries from his exposure to asbestos during a 31-year career of working with such products.

Plaintiff, with the aid of counsel, has furnished a continually updated product identification list. This document identifies the type or brand name of asbestos products to which plaintiff claims to have been exposed. In his deposition, plaintiff described the genesis of the list. While at home, the plaintiff drew up preliminary handwritten lists. The plaintiff may have received assistance in his efforts by meeting with co-workers in an attempt "to remember what products were on the job, and what jobs." Gilhuly Deposition, Dec. 5, 1983, at 70. Four or five times, plaintiff met with his counsel to discuss these lists and draw up a "final list," [1] which was then turned over to defendants.

Plaintiff has refused to produce any of the preliminary product identification lists. Additionally, plaintiff's counsel has directed his client not to answer deposition questions concerning the process through which the final list was devised. Defendant has responded with the motions to compel that are the subject of this ruling.

### II. Attorney-Client Privilege

Plaintiff asserts that the preliminary lists should be protected by the attorney-client privilege, arguing that the material came into existence for the purpose of being communicated to plaintiff's counsel so that his legal advice could be obtained. Defendant H.K. Porter argues that no attorney privilege exists because the communications in question were not meant to be confidential. H.K. Porter Brief at 5, citing *United States v. Tellier*, 255 F.2d 441, 447 (2d Cir.1958) ("Thus, it is well established that communications between an attorney and his client, though made privately, are not privileged if it was understood that the information communicated in the conversation was to be conveyed to others."). As H.K. Porter explains, plaintiff intended to reveal the contents of the preliminary lists in its final list.

Similarly, defendant Celotex argues that any privilege which plaintiff might have enjoyed has been waived by his disclosure of the final products list. Plaintiff's claim

---

**1.** Plaintiff notes in his Reply Memorandum, filed December 16, 1983, that "In asbestos cases there rarely is an actual 'final list' of job sites and 'products' as these lists are always subject to modification as plaintiffs generally remember additional job sites and products after the submission of these lists at their deposition." *Id.* at 1–2.

of privilege, it is asserted, would allow him to engage in a process of selective disclosure, whereby beneficial statements are disclosed and damaging and contradictory ones are withheld. *See In re John Doe Corp.,* 675 F.2d 482, 489 (2d Cir.1982); *Permian Corp. v. United States,* 665 F.2d 1214 (D.C. Cir.1981).

I find these arguments persuasive and hold that plaintiff may not forestall disclosure by claiming the attorney-client privilege.

## III. *Work Product*

### A. *Preliminary Lists*

■ Plaintiff claims as well that the preliminary lists are protected by the work product rule, as expressed in Fed.R.Civ.P. 26(b)(3). The rule contemplates retention of some aspects of the adversary system which do not unduly burden the search for truth.

I find that the lists in question are work product: (1) they are documents or tangible things; (2) they were prepared in anticipation of litigation; and (3) they were prepared by or for a party. *See* Wright & Miller, *Federal Practice and Procedure* § 2024 *et seq.*

The party seeking discovery under Rule 26(b)(3) must make a showing of substantial need of the material and inability, without undue hardship, to obtain the substantial equivalent of the materials by other means. In the case at hand, defendants have not made the requisite showing. Defendant H.K. Porter claims that without the preliminary lists, "the defendants will be unable to check the accuracy of the plaintiff's recollection of the work sites and products to which he has been exposed." Brief at 4–5. Defendant Celotex argues that the lists are crucial to the defense of the case because they show what the plaintiff was exposed to, not what others say they were exposed to. These arguments ignore the defendants' opportunity to test the plaintiff's

claims through interrogatories, deposition or cross-examination at trial. Additionally, defendants may use other materials culled through discovery, such as plaintiff's Social Security printout, employment records, or the defendants' own records to refute a plaintiff who has erroneously listed a defendant's product. *Cf.* 8 Wright & Miller, *Federal Practice and Procedure* § 2025 (mere surmise that a party might find impeaching material in requested documents has not been held sufficient to justify production).

Defendants further assert they cannot obtain such information from any other source without substantial hardship. In support of this claim, however, defendants merely refer to plaintiff's own assertion that it would be virtually impossible for a plaintiff to sit down and compile a list covering a 20–30 year work period of job sites and product exposure in one sitting. H.K. Porter Brief at 5. In that the numerous defendants are not limited to a one-time probe of plaintiff's work history as disclosed in his final product list, defendants fall far short of a showing of substantial need.

Plaintiff's disclosure of the final products list provides defendants a substantial equivalent to their request, thereby undercutting defendants' attempts to show the requisite need. *See* "Order on Defendant's Motion to Compel Production of Documents," *DiMauro v. Owens-Illinois, Inc.,* Civ. 83–1762–Mc (D.Mass. Nov. 15, 1983) (Collings, Magistrate) (asbestos products list was substantial equivalent to initial handwritten list). In their attempts to refute this point, defendants argue that the "preliminary lists are the only statements of product exposure made solely by the plaintiff." Celotex Brief at 2.[2] I do not find that this distinction negates defendants' ample opportunity for testing plaintiff's charges. Additionally, I note that defendants have argued that disclosure of the final list was sufficiently related to the preliminary list to bar an

---

**2.** Plaintiff contests this characterization: "The current product exposure and job site lists are a physical representation of plaintiff's best recollection to date. Contrary to the statement in

defendants' Memorandum, *Plaintiff, not Plaintiff's counsel* is the *sole author* of these lists." Plaintiff's Reply Memorandum at 3 (emphasis in original).

attorney-client privilege,[3] while at the same time arguing that disclosure of the final list is not sufficiently related to the prior lists to provide the substantial equivalent for purposes of the work product rule. Although I accepted the former of defendants' propositions, I find that it tends to undercut the latter.

Defendant Celotex cites *James Julian, Inc. v. Raytheon Co.,* 93 F.R.D. 138 (D.Del. 1982) as authority for finding a waiver of the work product privilege.[4] In that case, the plaintiff's counsel prepared his witness for deposition by creating a "binder" of important documents for review prior to being deposed. The court ruled that although it was work product, the binder had to be turned over because without the binder, "defendants' counsel cannot know or inquire into the extent to which witnesses' testimony has been shaded by counsel's presentation of the factual background." *Id.* at 146.

Defendant's reliance on *Julian* is misplaced. That case involved an interpretation of Fed.R.Evid. 612 which provides for the discovery of documents used to prepare a witness.[5] If plaintiff used a preliminary list to prepare for his deposition, then *Julian* would apply. However, in the instant case, as defendants themselves point out, "Mr. Gilhuly must rely on the 'final product identification lists' in order to refresh his recollection of the products he worked with . . . ." H.K. Porter Brief at 1–2. In sum, although the substance of plaintiff's allegations is subject to cross-examination and discovery, the materials used by plaintiff and his lawyer to arrive at the formulation of the allegations is not discoverable.

Therefore, because the preliminary lists constitute work product, and defendants have not made the requisite showing of need, I deny the motion to compel the production of the preliminary lists.

**B. Answers to Deposition Questions**

■ Defendant has sought to compel the answers to deposition questions regarding the preliminary lists. Rule 26(b)(3) does not apply to this question because documents or tangible things are not at issue. However, as Professor Moore has explained:

[T]he Court in *Hickman* [*v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)] made it abundantly clear that when the party seeks to discover "work product," that is the substance of the matter that has written down as opposed to the facts that have been learned, or the mental impressions of the attorney, the method of discovery is unimportant, and justification must be shown whether the material is sought under Rule 30, Rule 31, Rule 33, Rule 32, or Rule 45.

4 *Moore's Federal Practice* ¶ 26.64[1] at 26–413 (2d ed. 1983). Hence the plaintiff need not answer any questions regarding the substance of the preliminary lists. As noted *supra,* defendants are free to inquire at length into plaintiff's allegations of exposure to particular products and may in so doing test the accuracy of plaintiff's final products list.

**C. Conversations with Co-workers**

■ Defendants also seek to compel answers to deposition questions regarding

---

**3.** This argument contemplates the preliminary lists and final list as closely linked documents or different versions of the same document. If the two lists were unrelated, pertaining to different subject matter, there would be no claim that the disclosure of the final list waives claims of privilege to the preliminary lists.

**4.** Disclosure of a final draft does not automatically waive the work product privilege of prior drafts. *In re Grand Jury Subpoena Dated July 13, 1979,* 478 F.Supp. 368, 376 (E.D.Wisc.1979) (Although final draft of report had been released, prior drafts were held privileged as work product).

**5.** Rule 612 provides in part:

. . . if a witness uses a writing to refresh his memory for the purpose of testifying either—
(1) while testifying, or
(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,
an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

plaintiff's conversations with co-workers during which product exposure was discussed. Although defendants may inquire as to whether such meetings were held, any information which plaintiff obtained from such meetings was gathered in relation to the case and is thus work product. Defendants may obtain the same information by questioning the co-workers as to product exposure. *See* 4 *Moore's Federal Practice* ¶ 26.57[1] at 26–198 (Rule 26 "has also been applied to permit inquiry of the names and addresses of persons from whom the interrogated party has obtained statements or otherwise interviewed in the course of trial preparation.").

Defendants' motion is denied, and it is SO ORDERED.